UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALCY JOSEPH, JR.                                              CIVIL ACTION

VERSUS                                                        NO. 14-1286

STATE OF LOUISIANA                                            SECTION "N"(3)

## REPORT AND RECOMMENDATION

On or about September 30, 2013, petitioner, Alcy Joseph, Jr., filed the instant application seeking federal *habeas corpus* relief.[1] On that same date, the Clerk of Court notified him that he must either pay the required filing fee or submit an application to proceed *in forma pauperis*.[2] He did not respond. Thereafter, the Clerk of Court sent him a second such notice on or about June 3, 2014, and instructed him to pay the filing fee or submit a pauper application on or before 24, 2014.[3] Again, there was no response.

On June 26, 2014, the undersigned then issued an Order directing that, on or before July 17, 2014, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. He was warned that if he failed to comply with that Order, the undersigned would

---

[1]   Rec. Doc. 1.

[2]   Rec. Doc. 5.

[3]   Rec. Doc. 2.

recommend that this matter be dismissed.[4] That Order, which was sent to plaintiff at his address of record, was returned by the postal service as undeliverable,[5] and his current whereabouts are unknown.[6]

Because petitioner neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*, his petition was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Alcy Joseph, Jr., be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[4] Rec. Doc. 3.

[5] Rec. Doc. 4.

[6] It must be noted that this Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1.

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this eighteenth day of July, 2014.

                                                             **DANIEL E. KNOWLES, III**
                                                             **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.